# EXHIBIT "A"

**LANCIANO & ASSOCIATES, L.L.C.**
Larry E. Hardcastle, II, Esq. – Id No: 025742010
2 Route 31 North
Pennington, NJ 08534
(609) 452-7100
lhardcastle@lancianolaw.com

*Counsel for Plaintiff*

| | |
|---|---|
| HCCS REALTY, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>UTICA NATIONAL INSURANCE GROUP,<br><br>    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>DOCKET NO.: MER-L-_____-23<br><br>Civil Action<br><br>COMPLAINT |

Plaintiff, HCCS Realty, LLC ("HCCS"), by and through its undersigned counsel, for its Complaint against Defendant, Utica National Insurance Group, ("Utica"), does hereby say:

## INTRODUCTION

1. HCCS owns the property located at 130 Pennington-Washington Crossing Road, Pennington, New Jersey 08534 ("Property"). For nearly two decades, it maintained policies covering hazards, including fire damage, on the building ("Building") located on the Property. None of those policies had an endorsement that required the Building to maintain a sprinkler system. That was for good reason: the 200-year-old Building did not have and never had a sprinkler system.

2. When HCCS switched to Utica as its insurer in 2011, a "protective safeguards" endorsement ("Endorsement") that required the maintenance of a

sprinkler system mysteriously appeared. Buried on page 77 of a 124-page policy, that endorsement required the Building to maintain an active sprinkler system as a condition to coverage. That despite HCCS's application saying nothing about the Building having a sprinkler system. And despite Utica's *actual knowledge* from a loss control survey that the Building was not sprinkled.

3.  On or about July 25, 2022, the Building was badly burned and significantly damaged by water used to put out a fire. HCCS submitted a claim to Utica. In connection with that submission, HCCS learned for the first time of the Endorsement. Ultimately, Utica relied on the Endorsement to disclaim coverage. As a result, HCCS has no coverage for the estimated $1 million cost to replace the Building.

## PARTIES

4.  HCCS is a New Jersey limited liability company with a business address of 130 Pennington–Washington Crossing Road, Pennington, New Jersey 08534.

5.  Utica is a New York company with a business address of 180 Genesee Street, New Hartford, New York 13413. It is authorized to issue policies of insurance in the State of New Jersey and does so through agents.

## FACTUAL BACKGROUND

6.  On or about November 17, 1994, HCCS purchased the Property.

7.  From 2002 through 2011, HCCS maintained a policy of insurance on the Building through Preferred Mutual.

8.  None of the Preferred Mutual policies during that period required the Building to be serviced by an automatic sprinkler.

9. That made sense because the Building has never been serviced by an automatic sprinkler system.

10. In 2012, HCCS renewed the Building's insurance policy. In connection therewith, HCCS switched to Utica as its insurer.

11. The application submitted in connection therewith and signed by an HCCS representative said nothing about the Building having sprinklers. Even so, the proposal ("Proposal") issued to HCCS included a "protective safeguard" endorsement. Although not clear from that document, the Endorsement required HCCS to maintain a sprinkler system in the Building.

12. The Proposal assured HCCS that the coverage set forth therein was subject to a "favorable" loss control survey.

13. Around a month after Utica issued the Proposal and bound the policy, it conducted the loss control survey. During that inspection, Utica gained *actual knowledge* that the Building did not have a sprinkler system.

14. It did nothing with that knowledge.

15. When the policy was approaching its first renewal, Utica performed an underwriting review of the file. At that point, it was reminded that the Building was not sprinkled.

16. But instead of just eliminating the endorsement, Utica consulted with its agent, who, apparently, took the word of a *non-HCCS-employee* that the Building was sprinkled.

17. So instead of conforming the policy to the facts as Utica knew them, it

- 3 -

continued collecting premiums on a policy that it knew would not provide coverage in the event of a fire.

18. In the early hours of July 25, 2022, a fire started on the exterior of the Building.

19. The rapidly burning fire quickly consumed large portions of the Building. And, although the fire department quickly arrived, the damage was so severe that the building must be demolished and rebuilt.

20. HCCS promptly filed a claim with Utica notifying it of the fire and seeking coverage for the replacement cost of the Building.

21. Utica initially issued a reservation of rights, citing the Endorsement as a possible reason for its disclaiming coverage.

22. After its investigation, Utica disclaimed coverage, citing the Endorsement and the Building's lack of a fire suppression system.

23. HCCS filed an appeal citing Utica's actual knowledge of the Building's lack of a fire suppression system as an implied waiver of the Endorsement.

24. Utica denied HCCS's appeal, reiterated its disclaimer of coverage, and notified HCCS that the appeal process was concluded.

25. This action for declaratory relief follows.

## COUNT I
### (Declaratory Judgment – HCCS v. Utica)

26. The foregoing allegations are incorporated herein by reference as if set forth at length.

27. Utica had actual knowledge that the Building was not serviced by a sprinkler

- 4 -

system owing to its loss control survey.

28. Utica was reappraised of that fact when it conducted its initial review of the policy in 2012.

29. Despite its actual knowledge of the building not being serviced by sprinklers, Utica apparently relied on the word of a non-employee of HCCS that the Building was sprinkled.

30. Utica's actual knowledge that the Building was not sprinkled while issuing a policy containing the Endorsement constitutes a waiver of that condition.

WHEREFORE, Plaintiff demands judgment against Utica declaring that its actual knowledge of the non-existence of a sprinkler system in the Building constitutes a waiver of that condition and, therefore, owes HCCS coverage.

**LANCIANO & ASSOCIATES, L.L.C.**

By: _____.
Larry E. Hardcastle, II, Esq.

Dated: October 2, 2023

### DESIGNATION OF TRIAL COUNSEL

Pursuant to rule 4:25-4, Larry E. Hardcastle, II, is hereby designated trial counsel for Plaintiff, HCCS, in the above matter.

**LANCIANO & ASSOCIATES, L.L.C.**

By: _____.
Larry E. Hardcastle, II, Esq.

Dated: October 2, 2023

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-001864-23**

**Case Caption:** HCCS REALTY, LLC   VS UTICA NATIONAL INSUR ANCE G
**Case Initiation Date:** 10/02/2023
**Attorney Name:** LARRY E HARDCASTLE II
**Firm Name:** LANCIANO & ASSOCIATES, LLC
**Address:** 2 ROUTE 31 NORTH
PENNINGTON NJ 085340000
**Phone:** 6094527100
**Name of Party:** PLAINTIFF : HCCS Realty, LLC
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** HCCS Realty, LLC? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
       **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/02/2023                                                                                            /s/ LARRY E HARDCASTLE II
Dated                                                                                                                       Signed